1

2

3

4

5

6

7

8

9                            UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
10                                       AT TACOMA

11

12   JAMES R. MURPHY,
                                                      Case No.  C04-5277FDB
13                        Petitioner,

14          v.                                        REPORT AND
                                                      RECOMMENDATION
15   WASHINGTON STATE ATTORNEY
     GENERAL,
16                                                    **NOTED FOR:**
                          Respondent.                 **NOVEMBER 12th 2004**
17

18          This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant

19   to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR

20   4.  Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

21          Petitioner originally named the Washington State Attorney General as a respondent.  At that

22   time petitioner was in the Stafford Creek Correctional facility and the superintendent of that facility,

23   Doug Waddington, should have been named.

24          An order to amend the petition to name a proper respondent was entered on July 27th, 2004.

25   (Dkt. # 2).  Petitioner was given until August 27th, 2004 to comply.  Petition has not replied and on

26   August 5th, 2004 the order sent to him was returned by the post office as undeliverable.  Thus, it has

27   been more than 60 days since mail was returned as undeliverable and the court has no address for

28   petitioner.  Apparently petitioner has been released from incarceration and has abandoned this action.

     REPORT AND RECOMMENDATION Page - 1

1    The undersigned now recommends **DISMISSAL WITHOUT PREJUDICE** for failure to

2  keep the court informed of a current address and failure to comply with a court order.

3                                                    DISCUSSION

4  Local Rule 41 (b) (2) states:

5        A party proceeding pro se shall keep the court and opposing parties advised as to his
         current address.  If mail directed to a pro-se plaintiff by the clerk is returned by the
6        post office, and if such plaintiff fails to notify the court and opposing parties within
         sixty days thereafter of his current address, the court may dismiss the action without
7        prejudice for failure to prosecute.

8        This action has existed more than sixty days without an address for the plaintiff.  Dismissal

9  without prejudice for failure to prosecute is appropriate.  Accordingly, the undersigned recommends

10  dismissal without prejudice for failure to prosecute.  Alternatively the court would recommend

11  dismissal without prejudice for failure to comply with the court's order to amend and name a proper

12  respondent.

13                                                    CONCLUSION

14        The court should dismiss this action as plaintiff has left no forwarding address and appears to

15  have abandoned the case.  A proposed order and proposed judgment accompanies this Report and

16  Recommendation.

17        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

18  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

19  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

20  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

21  72(b), the clerk is directed to set the matter for consideration on **November 12th 2004**, as noted in

22  the caption.

23        DATED this 12th day of October, 2004.

24

25                                    /S/ *Karen L. Strombom*
                                      Karen L. Strombom
                                      United States Magistrate Judge

26

27

28

REPORT AND RECOMMENDATION Page - 2