1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES R. MURPHY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WASHINGTON STATE ATTORNEY GENERAL,<br><br>　　　　Respondent. | Case No.  C04-5417RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 25th, 2005** |

　　　This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

　　　Petitioner originally named the Washington State Attorney General as a respondent. At that time petitioner was in the Stafford Creek Correctional facility and the superintendent of that facility, Doug Waddington, should have been named.

　　　An order to amend the petition to name a proper respondent was entered on July 27th, 2004. (Dkt. # 2). Petitioner was given until August 27th, 2004 to comply. Petition did not file a timely reply. A Report and Recommendation to dismiss was filed. Petitioner objected to the Report and amended the petition to name three respondents without providing service copies of the amended petition.

REPORT AND RECOMMENDATION Page - 1

An order to provide service documents was filed January 19th, 2005. That order specifically warned petitioner a Report and Recommendation to dismiss this action would be filed if he did not provide service copies. Petitioner has not responded. (Dkt. # 8).

The court now recommends that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for failure to comply with court orders.

## CONCLUSION

The court should dismiss this petition. Petitioner has not provided copies needed for service, and has ignored a court order. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 25th, 2005**, as noted in the caption.

DATED this 3rd day of March, 2005.

/S/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge