UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES R. MURPHY,

          Petitioner,

v.

DOUG WADDINGTON,

          Respondent.

Case No.  C04-5417RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 11th,  2005**

      This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.  Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

      Petitioner originally named the Washington State Attorney General as a respondent. Petitioner was in the Stafford Creek Correctional facility and the superintendent of that facility, Doug Waddington, should have been named.  Petitioner amended the petition to change the case caption. (Dkt. # 7).  The amended petition was ordered served and an answer has been filed.  (Dkt. # 21). Petitioner has not filed a traverse.  The court now recommends that this petition be **DISMISSED WITH PREJUDICE** as the answer shows the issues raised are unexhausted and procedurally barred.

REPORT AND RECOMMENDATION Page - 1

FACTUAL BACKGROUND

Petitioner is in the custody pursuant to a 2002 Pierce County conviction for one count of child molestation in the third degree. The state court of appeals summarized the facts as follows:

> On September 15, 2001, E.P. was 14 years old. He and his mother went to the Puyallup Fair, where they stopped at a booth that displayed electronic massage devices. The salesman in the booth was Murphy.
>
> After E.P. and his mother sat down, Murphy attached pads to E.P.'s shoulders and activated one of the devices. E.P. then asked if the device would strengthen his abdominal muscles. Murphy said yes and moved the pads to E.P.'s abdomen. Then according to E.P., Murphy moved his hands down to E.P.'s penis, which he rubbed and squeezed for about 15 seconds. As far as the record indicates, E.P. felt the rubbing and squeezing, but he did not see it. Stunned and shocked, E.P. stood up and said it was time to go. Once away from the booth, he told his mother what had happened. A few minutes later, he told Tacoma Police Officer John Durocher what had happened. Durocher contacted Murphy, who acknowledged his Miranda [FN. 1: Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)] rights and said he was willing to talk. Murphy admitted touching E.P.'s leg while attaching the massage pads, but he denied touching E.P.'s penis.
>
> The State charged Murphy with one count of third degree child molestation. [FN 2: See RCW 9A.44.089]. Witnesses at trial included E.P., his mother, and Murphy himself. E.P. testified as already set forth. His mother said that although she had not seen Murphy fondle E.P., she had seen Murphy's hands on the lower part of E.P.'s body in what appeared at the time to be part of the massage demonstration. Murphy denied fondling E.P. but admitted putting his hand on E.P.'s leg. He explained that he had needed eye contact with E.P. and his mother while each was seated; thus, he had knelt before them and put his hand on E.P.'s leg to keep his balance.
>
> A fourth witness was David Powers. Being a licensed physical therapist, he was familiar with electrical stimulation devices like the one Murphy had been demonstrating. It was "possible," he thought, for the device to produce sensations in the penis similar to someone rubbing the penis. It was even possible for the device to produce an erection. Powers did not know the percentage of cases in which such effects occur.
>
> At the end of the evidence, the court gave the WPIC Instruction on reasonable doubt. It's Instruction 2 read:
>
>> The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The State is the plaintiff, and has the burden of proving each element of the crime beyond a reasonable doubt.
>>
>> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
>>
>> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully

considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

During closing argument, the prosecutor made the following statements about reasonable doubt:

> The last thing I want to say is this standard of beyond a reasonable doubt, it certainly doesn't mean beyond all doubt or beyond a shadow of a doubt. It means what it says. It means that you have an abiding belief in the truth of the charge. You'll see that language in the instruction. It kind of further defined the beyond a reasonable doubt, and it'll say when you are convinced—when you have an abiding belief in the truth of the charge, you're convinced beyond a reasonable doubt.
>
> I would suggest to you that when you walked through that door yesterday morning you knew nothing of this case, nothing at all. And yet now you do and you've formed impressions, your slate is full, and those impressions should mean a lot to you, not just the things that were said in breaking them apart, the contents, but the impressions that you received as well.
>
> What you're feeling goes a long way to what your decision should be. Sometimes you hear jurors say you know, I felt he was guilty but there wasn't enough evidence. Well, if you feel the person is guilty, where did that come from? It came from the evidence, because that's the only place you knew anything about the case or the people involved. So I would ask you to trust your common sense.
>
> I would ask you to make your decision, and when you come to this place where the case is settled on you and you believe at that point in whatever your verdict is, that you consider it some time later and you think well, what am I going to think a week from now or a year from now?
>
> Remember I asked a few of the jurors have you been on jury duty before? Some people said yeah, 20 years ago or whatever, I can't remember the exact numbers, but some time ago. Do you recall your case? Yes. As you sit here today do you still have faith in the truth of your verdict, whatever it was? Yes. When you can get to that point, even having doubts, you're convinced beyond a reasonable doubt. So whatever your verdict is, the State believes the evidence supports guilty, but whatever it is, that should be the standard you apply.

During deliberations, the jury submitted the following written question about reasonable doubt. "Can we get any additional definition of the term 'reasonable doubt' than what is defined in the last paragraph of instruction number 1[?]"

The jury returned a guilty verdict, and the court imposed a 60 month sentence. The sentence was based on an offender score of nine, which counted as separate conduct five 1984 Nevada convictions for lewd conduct.

(Dkt. # 22, Exhibit 3, foot notes omitted).

## PROCEDURAL HISTORY

REPORT AND RECOMMENDATION Page - 3

Petitioner filed a direct appeal and raised the following issue through counsel:

> Did the court err by convicting Murphy of third degree child molestation when the witness did not see the crime and what he felt was explained through uncontroverted evidence that the device used during a legal demonstration on the boy could feel like touch?

(Dkt. # 22, Exhibit 4). Petitioner filed a *pro se* brief and raised the following issues :

> 1. Did the State fail to protect Murphy's due process rights by refusing to answer the jury's specific written request to clarify the meaning of reasonable doubt?
>
> 2. Did the State miscalculate Murphy's offender score by counting his concurrent November 1984 convictions separately?

(Dkt. # 22, Exhibit 5). The Washington Court of Appeals affirmed the conviction, but remanded for re-sentencing. (Dkt. # 22, Exhibit 3).

Petitioner filed a motion to bifurcate the appeal and for issuance of the mandate with regard to re-sentencing. (Dkt. # 22, Exhibit 7). Petitioner also filed a Petition for Review. The Washington Court of Appeals placed the motion to bifurcate appeal in the file without further action as there is no provision for this procedure in the rules. The Petition for review was forwarded to the state supreme court. (Dkt. # 22, Exhibit 8, (Letter to counsel from court clerk, dated August 11, 2003)).

Petitioner then moved to withdraw the Petition for Review and the motion was granted. In the answer now before the court respondent contests petitioner's assertion that a petition for review was "accepted for review with proviso Murphy would remain in prison during review process despite the lower court's recommendation for immediate re-sentencing and release to community custody." (Dkt. # 21, page 5 FN 1). The record clearly reflects petitioner voluntarily withdrawing his petition for review in order to expedite re-sentencing. (Dkt. # 22, Exhibits 9 and 10). Thus, petitioner never presented any issue to the state supreme court. The state court of appeals issued its mandate July 15th, 2003. (Dkt. # 22, Exhibit 12).

Nearly one year later, July 13th, 2004 this petition for federal relief was filed. (Dkt. # 1). Petitioner raises the following issues:

> 1. Conviction was obtained with evidence insufficient to support a verdict of guilty beyond a reasonable doubt by any rational jury considering the facts at trial.
>
> 2. Conviction was obtained by means of the prosecution instructing the jury to decide

REPORT AND RECOMMENDATION Page - 4

using a constitutionally erroneous definition of reasonable doubt.
(Dkt. # 7, amended petition).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Given the record in this case, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD OF REVIEW

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Id.

REPORT AND RECOMMENDATION Page - 5

1   A determination of a factual issue by a state court shall be presumed correct, and the
2   applicant has the burden of rebutting the presumption of correctness by clear and convincing
3   evidence.  28 U.S.C. §2254(e)(1).

DISCUSSION

A.   Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  No issue in this petition was ever properly before the state supreme court as petitioner voluntarily withdrew his petition for review.  (Dkt. # 22, Exhibits 9 and 10).  A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S. 364 (1995).  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made.  Id, citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).  Petitioner withdrew his petition for review.  (Dkt. # 22, Exhibits 9 and 10).  Thus, the claims are unexhausted.

Procedural Bar.

Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court.  Here, however, petitioner is barred from further filing in state court.  The state court of appeals issued it's mandate on July 15th, 2003.  (Dkt. # 22, Exhibit 12).  More than one year has past and any attempt to file a collateral challenge in state court will be time barred.  See, RCW 10.73.090.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice" or petitioner demonstrates cause and prejudice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims.  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).  Petitioner cannot show cause and prejudice.  He voluntarily withdrew his petition for review in order to obtain expedited re-sentencing.  (Dkt. # 22, Exhibits 9 and 10).  Thus, petitioner cannot show

REPORT AND RECOMMENDATION Page - 6

1  cause that excuses his procedural default in state court.

## CONCLUSION

The court should dismiss this petition. The issues raised are unexhausted and procedurally barred. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 11th, 2005**, as noted in the caption.

DATED this 20th day of October, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge